NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARLAN LEROY KELLY, Jr., AKA
Harlan Kelly,

Defendant - Appellant.

No. 24-1825

D.C. No.
3:21-cr-00402-RS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted August 11, 2025[**]
San Francisco, California

Before: RAWLINSON, BADE, and KOH, Circuit Judges.

Defendant-Appellant Harlan Kelly challenges the district court's denial of

his motion to dismiss the superseding indictment and its rejection of some of his

proposed jury instructions. We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

1.     The district court did not err by denying Kelly's motion to dismiss the superseding indictment under the "fair cross section" requirement of the Sixth Amendment and the Jury Selection and Service Act (JSSA), and it did not abuse its discretion by denying his request for an evidentiary hearing on the matter. "In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show," among other elements, "that [the alleged] underrepresentation [of a particular group in the jury venire] is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364 (1979); *see also United States v. Hernandez-Estrada*, 749 F.3d 1154, 1158 (9th Cir. 2014) (en banc) (noting that "the same analysis determines whether the jury selection procedures meet the fair cross-section requirement under either the [JSSA] or the Sixth Amendment").

Kelly has not shown that the underrepresentation of Black persons in the grand jury venire in his case was "due to the *system* by which" the Northern District of California (the District) selects grand juries. *Hernandez-Estrada*, 749 F.3d at 1165 (internal quotation marks and citation omitted). Kelly fails to clearly explain how the three allegedly systematic issues he identifies affected the representation of Black persons in the venire. Additionally, Kelly's statistical expert did not account for two of the alleged issues when calculating the

comparative disparity and standard deviation statistics that Kelly relies on in his brief, so Kelly fails to show how those issues caused the underrepresentation he demonstrates. For the same reasons, Kelly was not entitled to an evidentiary hearing. *See United States v. Miller*, 771 F.2d 1219, 1228–29 (9th Cir. 1985) (citing 28 U.S.C. § 1867(d)).

2. The district court did not err by denying Kelly's motion to dismiss the superseding indictment under the Fifth Amendment's equal protection clause. Kelly fails to establish discriminatory intent, "the most crucial factor" of an equal protection challenge to the composition of a grand jury, *United States v. Esquivel*, 88 F.3d 722, 725, 727 (9th Cir. 1996), because he does not demonstrate that the District's jury "selection procedure . . . is susceptible of abuse or is not racially neutral," *Castaneda v. Partida*, 430 U.S. 482, 494 (1977). Kelly relies solely on his "statistical showing of underrepresentation, combined with the opinion of his statistical expert that accident[,] mistake[,] or chance could not explain the" underrepresentation of Black jurors in the venire. "But statistical proof of under[r]epresentation does not end the inquiry in equal protection cases," *Hernandez-Estrada*, 749 F.3d at 1167, and Kelly does not identify any part of the District's grand jury selection process that is "susceptible of abuse or is not racially neutral," *Castaneda*, 430 U.S. at 494.

3. The district court did not err by instructing the jury that it could

consider Kelly's "knowledge of, and compliance with[,] city ethics rules in deciding whether [he] knowingly violated his fiduciary duty as a public official" in Instruction No. 9. The district court correctly defined the elements of honest services fraud in Instruction No. 25, and considering both instructions in context, *see United States v. Lloyd*, 807 F.3d 1128, 1164 (9th Cir. 2015), Instruction No. 9 did not erroneously add a new "knowing violation" element to the offense. Additionally, considering whether Kelly "knowingly violated his fiduciary duty" is relevant to determining whether he acted with the "intent to defraud by depriving . . . San Francisco of its right of his honest services," or whether he "knowingly participated in a scheme or plan to deprive . . . San Francisco of its right of honest services." Instruction No. 9 also admonished the jury not to apply ethics rules as the law, so the jury was adequately instructed not to convict based on a violation of ethics rules alone.[1]

4. Finally, the district court did not err by rejecting Kelly's proposed definitions of "corruptly" and "intent to defraud" in Instruction No. 25. Kelly's

---

[1] To the extent Kelly challenges the district court's admission of "ethics evidence," he fails to establish reversible error. First, Kelly concedes that the government never introduced the evidence that he sought to exclude in his motion in limine, so any error in the district court's denial of that motion was harmless. *See United States v. Charley*, 1 F.4th 637, 651 (9th Cir. 2021). Second, to the extent he challenges the admission of his emails to PUC employees, he did not object to their admission at trial and fails to demonstrate plain error. *See United States v. Tuan Ngoc Luong*, 965 F.3d 973, 989 (9th Cir. 2020).

proposed definition of "corruptly" would have been both legally erroneous and in conflict with another instruction. *See McDonnell v. United States*, 579 U.S. 550, 572 (2016). Further, reading the jury instructions as a whole, corruptly, in the context of honest services fraud in this case, was adequately defined. *See United States v. Kaplan*, 836 F.3d 1199, 1215 (9th Cir. 2016).

**AFFIRMED.**